Claude E. SMITH et al., Plaintiffs,

v.

KINGSPORT PRESS, INC., Defendant.

Norman F. CARTER et al., Plaintiffs,

v.

KINGSPORT PRESS, INC., Defendant.

Earl M. DERRICK et al., Plaintiffs,

v.

KINGSPORT PRESS, INC., Defendant.

Carl F. KING et al., Plaintiffs,

v.

KINGSPORT PRESS, INC., Defendant.

Civ. A. Nos. 1666–1669.

United States District Court
E. D. Tennessee,
Northeastern Division.

Dec. 15, 1966.

John S. McLellan, Kingsport, Tenn., Dennis Erwin, Erwin, Tenn., for all plaintiffs.

Ernest F. Smith, Kingsport, Tenn., for defendant.

## MEMORANDUM TO COUNSEL

NEESE, District Judge.

■ The Court of Appeals for the Sixth Circuit reversed this Court on September 28, 1966, awarded the plaintiffs in each of the above actions, as a class, deferred wages in the form of vacation payments, and remanded these actions to this Court for the sole purpose of the entry of judgments for the plaintiffs. Smith, et al., v. Kingsport Press, Inc., C.A.6th (1966), 366 F.2d 416. The attorneys herein are unable to agree as to the proper form of such judgments.

■ While the judgments entered may be consolidated into but one document, with copies thereof supplied in each of the respective actions, without doing violence to Rules 58 or 79(a), Federal Rules of Civil Procedure, judgment will be in effect for each individual plaintiff and against the defendant for respective sums, which may be set forth on an accompanying schedule and incorporated therein by reference. Each will be paid after April 30, 1966, and thus, Public Law 89–368, 80 Stat. 38, is subject to deductions of 20% for federal income tax and to 4.2% for tax under the Federal Insurance Contributions Act, up to a maximum of $6,600 for the calendar year 1966. These deductions must be made from the checks made payable to the respective payees hereinafter set forth by the defendant and, in due course, paid to the Internal Revenue Service, Treasury Department of the United States. Further, the defendant, where applicable, must also deduct from the gross amount of deferred wages payable to each plaintiff any amount any such plaintiff may be obligated to pay to the Kingsport Press, etc. profit-sharing plan under any agreement to which any such employee may be a party.

■ The respective resulting net sums, after such deductions, must be paid to each plaintiff entitled thereto *and* the attorneys of record for the plaintiffs herein, as payees on such check, infra. The checks for such resulting net sums are not to be paid into this Court, except

as provided infra, a writ of execution according to Tennessee law being the proper means of enforcing money judgments, Governor Clinton Co. v. Knott, C.C.A.2d (1941), 120 F.2d 149, 153 [9], appeal dismissed by stipulation (1941), 314 U.S. 701, 702, 62 S.Ct. 50, 86 L.Ed. 561, if the defendant does not pay such judgment to each plaintiff; and, the defendant being entitled to relief from such execution by presenting the check, endorsed by the payees, in support of a proper motion for relief therefrom under Rule 60(b) (5), Federal Rules of Civil Procedure.

Because of the great number of individual plaintiffs, whose present whereabouts may not be readily ascertainable by the defendant, and further because the Court is anxious that each of these workers receive the net proceeds of his deferred wages, after compensating counsel, infra, as expeditiously as practicable, the Court will order, Rule 58, Federal Rules of Civil Procedure, that the aforementioned checks be delivered to the attorneys for the plaintiffs herein; but, that any such check not paid by the drawee within six (6) months following receipt of same by such attorneys shall be returned to the defendant for payment by the defendant into the registry of this Court, following the removal of the names of such plaintiffs' attorneys as payees thereon.

Except as may be rendered necessary by directions in this memorandum, the judgments entered, and consolidated into one document, as aforesaid, supra, shall be confined to the essentials thereof. Form 32, Federal Rules of Civil Procedure [at 189].

■ The attorneys of record for the plaintiffs herein, as a class, are entitled to compensation which counsel rendered each member of the class, in accordance with whatever contract for such may have been made. In the absence of any such contract or express agreement, such attorneys are entitled to receive reasonable remuneration for their services to each plaintiff. Bagley v. State (1963), 232 Md. 86, 192 A.2d 53, 100 A.L.R.2d 1249, 1257 (headnote 18). This being the Court which will render the judgments herein, the Court will declare a lien therein in favor of each plaintiff's counsel for a reasonable fee. Further, this Court will protect and enforce such lien so that the benefits of such attorneys' services will not have been obtained by each plaintiff without the respective plaintiffs' paying for them. United States v. Transocean Air Lines, Inc., C.A. 5th (1966), 356 F.2d 702, 706 [10, 11].

■ The Court, having been advised that many of the representations herein, if not all, were on a contingent fee basis, any fee collected by such attorneys must not be obtained by fraud, mistake or undue influence, and must not be oppressive or extortionate. Taylor v. Bemiss (1884), 110 U.S. 42, 3 S.Ct. 441, 28 L.Ed. 64, 65 (headnote 5). This applies to any and all contingency arrangements. In situations where there are no contracts or other agreement by a plaintiff and the attorneys of record for the plaintiffs herein, the parties will deal at arm's length, and may fix the compensation at whatever figure they may agree, mutually, is proper. This Court will enforce the payments of any such fees thus agreed upon, as aforesaid, if such plaintiff has been fully informed as to the business transacted by such attorneys on his behalf; and, in such event, it is not necessary, in agreeing on proper compensation, that such plaintiff have independent advice, provided such plaintiff is in position to form an entirely free and unfettered judgment. Kidd v. Williams (1901), 132 Ala. 140, 31 So. 458, 56 L.R.A. 879. If a difference of opinion arises between any plaintiff and such attorneys, the proper remuneration to be paid counsel by such plaintiff may be a question properly to be submitted to a jury. Nave v. Taughber, (1920), 49 Cal.App. 308, 193 P. 508.

If, consistently with this memorandum, all counsel of record agree on a form of judgment, in the absence of the trial judge, the clerk hereby is authorized to sign and enter same immediately, to the end that these workers may receive these deferred wages.