Alfred V. EMMANUEL, Appellant,

v.

OMAHA CARPENTERS DISTRICT COUNCIL, a Labor Organization, Appellee.

No. 75–1539.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 11, 1976.

Decided May 4, 1976.

Rehearing and Rehearing En Banc Denied May 26, 1976.

Thomas F. Dowd, Omaha, Neb., for appellant.

Robert E. O'Connor, Omaha, Neb., for appellees; R. E. O'Connor, Jr. and Patrick Green, Omaha, Neb., on brief.

Before LAY, HEANEY and STEPHENSON, Circuit Judges.

HEANEY, Circuit Judge.

Alfred Emmanuel appeals from the District Court's order granting summary judgment in favor of the appellee, Omaha Carpenters District Council. Emmanuel, a journeyman carpenter and a member of the Omaha Carpenters District Council (Union), alleges that the Union violated its duty of fair representation by refusing to refer him for work when Western Fixture Installation Company, Inc., requested his services. The District Court granted the appellee's motion for summary judgment. It found that Western Fixture and Emmanuel had failed to follow the proper request procedures and, therefore, the Union had not violated any duty in failing to refer Emmanuel for work. For the reasons set forth below, we reverse and remand.

In the fall of 1971, Emmanuel worked as a carpenter for Western Fixture for one week. On February 18, 1972, Dan Harf, a job superintendent for Western Fixture, asked Emmanuel to return to work for

Western Fixture. Emmanuel advised Harf that he was presently employed by A. Borchman & Sons Company, but expected to be laid off within a few days. After further discussion on Sunday, February 20, Harf gave Emmanuel a letter requesting the Union to refer Emmanuel to work for Western Fixture.

On Monday, February 21, Emmanuel returned to work for Borchman and that employment continued until Friday, February 25. On February 23, the Union's business agent, Art Deseck, met with Harf and the President of Western Fixture, William Silverman.[1] At this meeting, Deseck demanded that Western Fixture employ a foreman. Harf said that Western Fixture already had its own foreman on the job. Harf then complained to Deseck of a shortage of carpenters and requested that Emmanuel and another carpenter named Coco be dispatched to work for Western Fixture. Deseck declined, stating that both men were working on another job. Harf stated that that this other job was about to end and offered to give a written request to Deseck in order to obtain Emmanuel and Coco. Deseck still refused. Silverman then stated, "Well, we are not going to put on a foreman because we are not required to, but we will go along, we won't make any written request for men." That compromise apparently satisfied all concerned. Later that day, Harf notified Emmanuel that he could not use the written request he had received on Sunday because of this agreement.

On the following Monday, February 28, Emmanuel registered with the Union and was put on its "out of work" list. Harf then telephoned the Union office and requested Deseck to refer Emmanuel to work for Western Fixture. Deseck refused, telling Harf that he would not refer Emmanuel unless Western Fixture provided the Union with a written request. Western Fixture refused to send a written request for Emmanuel in light of the agreement

reached with the Union the week before. Because there were a number of other men who had been on the Union's out-of-work list longer than Emmanuel, other union carpenters were referred to Western Fixture. Emmanuel did not work for Western Fixture during the remaining ten weeks of this project.

The collective bargaining agreement in force during this period sets out several ways by which a contractor can employ union carpenters. Article XV(c) provides that:

> Contractors may hire direct, men who have worked as Carpenters for contractors in the area covered by this agreement during the previous year, providing that the contractors shall notify the union of the names of the men so hired.

Article XV(d) allows contractors to apply to the Union which maintains an out-of-work list:

> (d) When the union is referring applicants, they shall refer them according to the following priority:
>
> (1) Those individuals requested by name who have previously worked for the contractors in the area covered by this agreement.
>
> (2) Those having at least four years experience in the trade and who have resided in the geographical area of the union for not less than two years.

Although the collective bargaining agreement does not specifically require a contractor to send a written request to the Union when it asks for a specific carpenter under Article XV(d)(1), the Union's business agent Deseck had unilaterally determined that all requests for specific carpenters must be in written form. Under Section (d)(2), men are referred according to the length of time they are on the out-of-work list; those on the list longest are referred first.

The collective bargaining agreement also provides in Article IV(d) that when more than one carpenter is to be employed on a job site, one of the carpenters is to be

---

1. Western Fixture is a party to the collective bargaining agreement between the Union and the Omaha Building Employers Association.

designated a foreman and is to receive twenty-five cents an hour more than a journeyman carpenter.

In its order granting summary judgment for the Union, the District Court determined that the oral request by Harf to Deseck of February 28, asking the Union to refer Emmanuel to Western Fixture, failed to satisfy the Union's requirement that requests for specific carpenters be made in writing.[2] Concluding that this written request procedure was reasonable, the court held that the lack of a written request justified the Union's action in refusing to refer Emmanuel. The court also noted that Emmanuel had failed to show Deseck the written request given to him by Harf on February 20, issued prior to the agreement by Silverman on February 23, not to make any written requests. The court determined that Emmanuel had decided, on his own, not to show this written request to the Union and, therefore, must suffer the consequences of that decision, including the fact of not being referred to work at Western Fixture.

■ The Union raises a jurisdictional issue which must be dealt with first. It asserts that Emmanuel has no right under § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, to assert a claim against the Union for its breach of the collective bargaining contract because he is neither a direct party to nor a third party beneficiary of the contract. We find this contention to be without merit. Under § 301 an employee may sue his employer for its breach of a contract provision, *Smith v. Evening News Asso.*, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962), and may join the union as a defendant if it interferes with rights of the employees conferred by the employer if that interference constitutes a violation of the union's duty of fair representation. *Humphrey v. Moore*, 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964). The union's duty of fair representation is a statutory one, requiring the union "to serve the interests of all the members without hostility or discrimination" both in the conduct of collective bargaining and in the enforcement of the resulting agreement. *Vaca v. Sipes*, 386 U.S. 171, 177, 87 S.Ct. 903, 910, 17 L.Ed.2d 842, 850 (1967). This duty may be violated when a union in bad faith or with dishonest purpose interferes with a right conferred on an employee by his employer, fails to take a grievance to arbitration, or waives the provisions of a collective bargaining agreement intended to benefit an employee. In each instance, an employee may sue the union for its breach of its statutory duty to fairly represent its members. *See Buzzard v. Local Lodge 1040 Int. Ass'n of Mach. & A. Wkrs.*, 480 F.2d 35, 40 (9th Cir. 1973). *See also Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 561, 96 S.Ct. 1048, 1055, 47 L.Ed.2d 231, 239, 44 U.S.L.W. 4299, 4301 (1976); *Hill v. Iron Workers Local Union No. 25*, 520 F.2d 40, 42 (6th Cir. 1975); *Kling v. N. L. R. B.*, 503 F.2d 1044, 1046 (9th Cir. 1975); *Richardson v. Communications Workers of America*, 443 F.2d 974, 980 (8th Cir. 1971).

■ Assuming, without deciding, that the Union had the right to unilaterally alter the collective bargaining contract to require written versus oral requests for referrals of specific carpenters, this conclusion does not finally resolve the issue of whether the Union violated its duty of fair representation to Emmanuel. It is apparent from the face of the record that Western Fixture's failure to submit a written request for Emmanuel or to hire him directly may well have been the result of the agreement between the Union business agent, Deseck, and the President of Western Fixture, Silverman, that no written requests would be made for carpenters on this job if the Union

---

**2.** While the Union's motion for summary judgment was under advisement, the court requested and received a stipulation, "that the matter be submitted to the Court for judgment on the merits" on the basis of the present record. Nevertheless, after reviewing the record, the trial court determined there were no material issues of fact and granted summary judgment. The court did include in its discussion of the legal basis relevant to its decision, the facts it found undisputed.

waived its right to have a Union foreman on the job. If in fact this was the reason for Western Fixture's failure, then the Union violated its duty to fairly represent Emmanuel. On the face of it, such an agreement would lack good faith and honesty of purpose. *See Ford Motor Co. v. Huffman,* 345 U.S. 330, 338, 73 S.Ct 681, 686, 97 L.Ed. 1048, 1057 (1953). *See also Hines v. Anchor Motor Freight, Inc., supra* 424 U.S. at 564, 96 S.Ct. at 1056, 47 L.Ed.2d at 241, 44 U.S.L.W. at 4302; *Richardson v. Communications Workers of America, supra* at 980.

The District Court failed to decide the issues raised by the Silverman-Deseck agreement.[3] We, therefore, reverse the order granting the Union summary judgment, and remand this case with instructions to the District Court to determine the scope and effect of the agreement between Silverman and Deseck. It may do so on the basis of the existing record or on the basis of a supplemented record. If it decides that Western Fixture failed to hire Emmanuel directly or failed to request in writing that he be dispatched to the Union because of the Silverman-Deseck agreement, then the District Court must enter judgment in favor of Emmanuel. If it decides to the contrary, then the matter shall be dismissed.[4]

---

3. This failure is largely the responsibility of the parties who failed to frame the issue as precisely as the factual situation required.

4. A question exists as to whether an employee in these circumstances is required to exhaust the contractual remedies provided for the resolution of grievances arising out of the collective bargaining agreement. In *Beriault v. Local 40, Super Cargoes & Check. of I. L. & W. U.,* 501 F.2d 258, 262, (9th Cir. 1974), the Ninth Circuit held that such exhaustion is required if the employer is joined as a party defendant. No exhaustion is required where, as here, the union is the only defendant.