Jack CARTER, Plaintiff,

v.

MONTGOMERY WARD AND
CO., Defendant.

No. CIV-2-76-25.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Memorandum Opinion July 28, 1976.

On the Merits June 27, 1977.

W. Carr Hagan, Jr., Kingsport, Tenn., for plaintiff.

Ernest F. Smith, Hunter, Smith, Davis, Norris, Treadway & Hadden, Kingsport, Tenn., for defendant.

NEESE, District Judge.

■ This is a removed, 28 U.S.C. § 1441(a), diversity, 28 U.S.C. § 1332(a)(1), (c), action for the recovery of benefits under an employee-disability plan and its companion trust fund established by the corporate defendant. The plaintiff moved for leave to join as indispensible and necessary parties defendant herein six individuals who are allegedly trustees of such disability plan. Rule 19(a), Federal Rules of Civil Procedure.

Leave hereby is DENIED at this juncture. The plaintiff's motion for leave " * * * assumed * * * " that the proposed new defendants are non-*residents* of Tennessee. " * * * A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if * * * he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may * .* * as a practical matter impair or impede his ability to protect that interest. * * * " Rule 19(a)(2)(i), Federal Rules of Civil Procedure. An allegation of the (probable) residences of the proposed new defendants is insufficient for purposes of diversity of *citizenship*. *Smith v. Dealers Transit, Inc.*, D.C.Tenn. (1965), 239 F.Supp. 605, 607[9]. Thus, it is not made to appear with sufficient clarity that granting of the requested leave would not deprive this Court of citizenship diversity of jurisdiction over the subject matter of this action.

The Court is not advised that the joinder as defendants of the individuals who are trustees of the disability plan involved would ripen this matter for a decision. It appears to the Court, rather, that the Montgomery Ward Long-Term Disability Plan and the Montgomery Ward Long-Term Disability Trust, as recognized legal entities themselves,* are necessary parties to any effective relief herein, *cf. Hill v. Iron Work-*

---

* See the definition of "employee benefit plan" and of the term, "plan", as utilized in 29 U.S.C. § 1132, contained in 29 U.S.C. § 1002(3).

ers *Local Union No. 25*, C.A.6th (1975), 520 F.2d 40, 42, n. 1, citing 29 U.S.C. §§ 1132(a)(e), under the jurisdictional grant of 29 U.S.C. §§ 1132(e)(1), (f).

It is difficult to discern the desirability of joining the individual trustees of the aforementioned plan as parties defendant, when the plan and the trust are joined necessarily as defendants herein; although, if the joinder of the individual trustees as additional parties defendant will not divest this Court of diversity jurisdiction over the corporate defendant, there appear no hindrances to proceeding against the corporate defendant and such trustees under the Court's diversity jurisdiction and against the plan and the trust under the jurisdictional grant of 29 U.S.C. §§ 1132(e)(1), (f). *Cf., idem.*

### ON THE MERITS

This is a civil action to recover disability benefits under an employee-benefit plan. 29 U.S.C. §§ 1132(e)(1), (f); 28 U.S.C. §§ 1332(a)(1), (c), 1441(a). Trial was to the Court on April 14, 1977. From the pleadings, affidavits and depositions on file, testimony at trial, exhibits, and the record as a whole, the Court hereby MAKES the following

### FINDINGS OF FACT:

1. The defendant the Montgomery Ward Long Term Disability Plan is an employee benefit plan as contemplated by the provisions of 29 U.S.C. §§ 1002, et seq.

2. The defendants Messrs. Richard L. Abbott, Reuben W. Berry, William J. Sinkula, Lawrence A. Ward, and Gordon R. Worley are trustees of such plan.

3. The plaintiff has been totally disabled since November 14, 1974; and, under the terms of the aforementioned disability plan, he is entitled to receive benefits monthly thereunder.

4. The plaintiff is currently receiving monthly benefits from the Social Security Administration on account of his disability in the amount of $290.70.

5. From April 15, 1975 through November 14, 1975, the defendant plan paid to the plaintiff benefits in the aggregate amount of $2,275.00.

6. With credits for payments under the Social Security Act, the plaintiff actually was entitled to receive under such plan between the aforementioned dates the sum of $1,579.43, and the benefits due the plaintiff from November 15, 1975 through September 30, 1976 would be $2,187.34, or a total of $3,766.77.

7. Through September 30, 1976 the plaintiff is now entitled to receive herein, in addition to benefits heretofore paid of $2,275.00, the sum of $1,491.77. This amount is that which the plaintiff would receive plus Social Security benefits, which, under the contract, are deductible.

8. In addition the plaintiff is entitled to receive from such plan from September 30, 1976 to February 1, 1977, the sum of $196.80 per month, or an aggregate of $787.20 plus the sum of $196.80 per month from February 1, 1977 through the date of entry of judgment herein.

9. The plaintiff is entitled to no penalty under the provisions of T.C.A. § 56–1105.

10. The attorney for the plaintiff should have contacted the defendant before commencing this lawsuit. A great part of the 78-plus hours such counsel devoted to this matter might have been averted or significantly reduced thereby. A reasonable fee for counsel for the plaintiff under these circumstances is $1,500.

The Court hereby REACHES the following

### CONCLUSIONS OF LAW:

A. This Court has jurisdiction of the subject matter hereof. 29 U.S.C. § 1132(e)(1), (f); 28 U.S.C. §§ 1332(a)(1), (c), 1441(a).

B. The right of the plaintiff to receive any benefits on account of his disability is controlled by the terms of the disability plan. 53 Am.Jur.(2d) 205, Master and Servant § 137, 56 C.J.S. 828–829, Master and Servant § 169; see also: *Craig v. Bemis Company, Inc.*, C.A.5th (1975), 517 F.2d

677, 681[3]; *Schneider v. Electric Auto-Lite Company*, C.A.6th (1972), 456 F.2d 366, 373[9]; *Knoll v. Phoenix Steel Corporation*, C.A.3d (1972), 465 F.2d 1128, 1131[1], certiorari denied (1973), 409 U.S. 1126, 93 S.Ct. 941, 35 L.Ed.2d 257; *Matthews v. Swift and Company*, C.A.5th (1972), 465 F.2d 814, 817–818[1]; *Boase v. Lee Rubber & Tire Corporation*, C.A.3d (1970), 437 F.2d 527, 532–533[5]; *Smith v. Union Carbide Corporation*, C.A.6th (1965), 350 F.2d 258, 261[4]; *Lucas v. Seagrave Corporation*, D.C.Minn. (1967), 277 F.Supp. 338, 342[1].

C. " * * * In case of any court proceeding involving the Trustees [of the defendant the Montgomery Ward Long Term Disability Trust] or Trust Fund, only the [Montgomery Ward Company, Inc. Benefits Plans] Committee and the Trustees shall be necessary parties thereto * * *. * * * Any final judgment entered in any such proceeding shall, to the maximum extent permitted by ERISA [Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, et seq.], be binding and conclusive upon the Company [*i. e.* Montgomery Ward and Company, Inc.], the Committee, the Administrative Director, the Trustees, all employees and former employees, and all other persons having or claiming any interest in the Trust Fund or under the Long Term Disability Plan. * * * " Montgomery Ward Long Term Disability Trust, section 6.5.

D. " * * * All benefits and other amounts payable hereunder shall be paid exclusively from the Trust Fund * * *. * * * Each participant, or other person, who shall claim the right to any payment under the Long Term Disability Plan shall look exclusively to the Trust Fund, therefor, and shall not have any right or claim against the Company, the Committee, any Trustee, the Administrative Director, or any director, officer, employee or agent of the Company. * * * " Montgomery Ward Long Term Disability Plan, section 9.6.

■ E. The Montgomery Ward Long Term Disability Plan and the Montgomery Ward Long Term Disability Trust are necessary parties hereto as to any effective relief herein under the Employee Retirement Income Security Act, *supra.* *Hill v. Iron Workers Local Union No. 25*, C.A.6th (1975), 520 F.2d 40, 42 n. 1, citing 29 U.S.C. § 1132(a), (e).

■ F. The individual trustees of the Montgomery Ward Long Term Disability Trust and the Benefits Plans Committee of the Montgomery Ward Company, Inc. are proper party defendants herein under the aforementioned act. See: *Alvares v. Erickson*, C.A.9th (1975), 514 F.2d 156, certiorari denied (1975), 423 U.S. 874, 96 S.Ct. 143, 46 L.Ed.2d 106; *Cuff v. Gleason*, C.A.2d (1975), 515 F.2d 127.

G. The defendant Montgomery Ward Company, Inc. is not a proper party defendant herein since *Hales v. Winn-Dixie Stores, Inc.*, C.A.4th (1974), 500 F.2d 836, is inapposite.

H. " * * * In any action under this subchapter [29 U.S.C. §§ 1001, et seq.] by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party. * * * " 29 U.S.C. § 1132(g).

■ I. Statutes authorizing an attorney's fee award were not passed for the benefit of the attorney but to enable litigants to obtain competent counsel worthy of contest with the caliber of counsel available to their opposition and to fairly place the economic burden of that litigation. *Johnson v. Georgia Highway Express, Inc.*, C.A.5th (1974), 488 F.2d 714, 719[6], (involving an action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq.); see also *Redden v. Celebrezze*, C.A.4th (1966), 370 F.2d 373, 376[3], later appeal *sub nom. Redden v. Gardner*, 391 F.2d 670 (involving an action brought under the Social Security Act, 42 U.S.C. § 405(g)).

■ J. Where a statutory provision authorizes the awarding of attorney's fees, it should be read in light of the equitable genesis of the nonstatutory judicial authority concerning such awards. 10 Wright &

Miller, Federal Practice and Procedure: Civil 194, § 2675.

K. " * * * [T]he federal courts should exercise care and restraint in awarding attorney's fees. * * * " *Ibid.*, at 199, § 2675.

L. " * * * The application [for such award] must be reasonable in terms of the circumstances of the particular case and the amount sought. * * * " *Ibid.*, at 194, § 2675.

M. " * * * The attorney should be paid an adequate fee for his work but that is all. * * * The law is not a money-grubbing profession; windfalls should not be given to those who successfully represent persons not properly treated. * * " *National Coun. of Com. Mental H. C., Inc. v. Weinberger*, D.C.D.C. (1974), 387 F.Supp. 991, 997[12] (opinion by Judge Gesell).

N. " * * * A lawyer shall not * * collect * * * [a] clearly excessive fee. * * * " American Bar Association Code of Professional Responsibility, Disciplinary Rule 2–106(A).

■ O. When an award of attorney's fees has been authorized by Congress, the factors to be considered by the Court include:

(a) the time and labor required;

(b) the novelty and difficulty of the questions presented (both factual and legal);

(c) the skill requisite to perform the legal services properly;

(d) the preclusion of other employment by the attorney due to acceptance of the case;

(e) the customary fee;

(f) whether the fee is fixed or contingent;

(g) time limitations imposed by the client or the circumstances;

(h) the amount involved and the results obtained;

(i) the expertise, reputation, and ability of the attorney;

(j) the "undesirability" of the case;

(k) the nature and length of the professional relationship with the client; and,

(*l*) the amount of awards in similar cases.

*Johnson v. Georgia Highway Express, Inc., supra*, 488 F.2d at 717–719[4, 5]; *Kerr v. Screen Extras Guild, Inc.*, C.A.9th (1975), 526 F.2d 67, 70[2], certiorari denied (1976), *sub nom. Perkins v. Screen Extras Guild, Inc.* (1976), 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195; see also American Bar Association Code of Professional Responsibility, Disciplinary Rule 2–106.

■ P. The trial judge is not " * * * limited in his award by statements or evidence offered by counsel, but rather the judge may make an independent determination of the proper expenditure of time that is reasonably necessary for the preparation and presentation of the particular case. * * * " *Marr v. Rife*, C.A.6th (1976), 545 F.2d 554, 555–556[3].

Q. " * * * [T]he statute does not prescribe the payment of [any attorney's] fees to the lawyer[ ]. It allows the award to be made to * * * [either] party. Whether or not he agreed to pay a fee and in what amount is not decisive. Conceivably, a litigant might agree to pay his counsel a fixed dollar fee. This might be even more than the fee eventually allowed by the court. Or he might agree to pay his lawyer a percentage contingent fee that would be greater than the fee the court might ultimately set. Such arrangements should not determine the court's decision. The criterion for the court is not what the parties agreed but what is reasonable. * * * " *Clark v. American Marine Corporation*, D.C.La. (1970), 320 F.Supp. 709, 711[1], affirmed C.A.5th (1971), 437 F.2d 959, and quoted with approval in *Johnson v. Georgia Highway Express, Inc., supra*, 488 F.2d at 718[4, 5]; see also *Farmington Dowel Products Co. v. Forster Mfg. Co.*, C.A.1st (1970), 421 F.2d 61, 90[28–30], later appeal (1970), 436 F.2d 699.

■ R. An attorney is " * * * entitled to compensation * * * in accordance with whatever contract for such may have been made. * * * " *Smith v. Kingsport Press, Inc.*, D.C.Tenn. (1966), 263 F.Supp. 771, 773[4]. Where the attorney's representation is " * * * on a contin-

gent fee basis, any fee collected by such attorney[ ] must not be obtained by fraud, mistake or undue influence, and must not be oppressive or extortionate. * * * " *Ibid.*, 263 F.Supp. at 773[5].

## DECISION

It is the decision of the Court that the plaintiff recover from the defendants the Montgomery Ward Long Term Disability Plan, the Montgomery Ward Long Term Disability Trust, Messrs. Richard L. Abbott, Reuben W. Berry, William J. Sinkula, Lawrence A. Ward, Gordon R. Worley, and the Benefits Plan Committee of Montgomery Ward Company, Inc. the sum of $1,491.77 plus the sum of $196.80 per month from October 1, 1976 through the date of the entry of judgment herein. The plaintiff is also allowed a reasonable attorney's fee in the amount of $1,500. Counsel for the plaintiff hereby is ENJOINED from receiving any fee for services herein in excess of that amount either from the plaintiff or any defendant. Each amount awarded hereinabove is to be exclusively from the Montgomery Ward Long Term Disability Trust Fund. The plaintiff is denied all relief from the defendant Montgomery Ward Company, Inc. Rule 58(1), Federal Rules of Civil Procedure.