STATE ex rel. MONTGOMERY WARD & CO., INC., et al., Relators,

v.

Honorable William J. PETERS, Respondent.

No. WD33110.

Missouri Court of Appeals, Western District.

May 4, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied June 23, 1982.

James F. Duncan, Mark Blondman, Kansas City, for relators.

Louis J. Wade, Ronald R. Holliger, Kansas City, for respondent.

Before SOMERVILLE, C. J., and SHANGLER, PRITCHARD, WASSERSTROM, TURNAGE, CLARK and KENNEDY, JJ.

WASSERSTROM, Judge.

Montgomery Ward & Co., Inc. ("Ward") has established the Montgomery Ward & Co., Incorporated Long-Term Disability Plan ("the Plan") and Montgomery Ward & Co., Incorporated Long-Term Disability Trust ("the Trust"). Reuben W. Berry is a member of the Plan committee and David W. Fishman is the manager of the Plan. Robert W. Riggins is a former Ward employee who became a participant in the Plan.

In 1978 Riggins made claim for disability benefits under the Plan. That claim was denied. Thereupon Riggins filed suit in the Circuit Court of Jackson County, Missouri.

The suit is in six counts, each against Ward, the Plan, the Trust, Fishman and Berry. The theory of each respective count is as follows: (1) Count I is for breach of contract; (2) Count II is for intentional interference with contractual relationships; (3) Count III is for breach of fiduciary duty; (4) Count IV is for outrageous conduct; (5) Count V is for prima facie tort; and (6) Count VI is for violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.A. Section 1132.

Before Judge Peters in the trial court, the defendants filed a motion to dismiss which was overruled. The defendants then filed a motion for reconsideration together with a motion for summary judgment. Those motions were also overruled. Defendants then filed a petition in this court for Writ of Prohibition, and a preliminary writ was issued. The case is now before this court for consideration of whether that writ should be made absolute.

The issues raised by the petition for the writ were: (1) subject matter jurisdiction by the trial court over the claims asserted by Riggins against Berry, Fishman and Ward; and (2) jurisdiction by the trial court over the persons of Berry, Fishman, the Plan and the Trust. At oral argument, petitioners narrowed the issues by conceding that the trial court was correct in ruling that there is personal jurisdiction over the Plan and the Trust; and that concession was subsequently confirmed by letter to the court.

## I.

### Subject Matter Jurisdiction Under Counts I through V

■ The Plan and the Trust are subject to ERISA, 29 U.S.C.A. Section 1001 et seq. Section 1144(a), so far as here pertinent, provides: "[T]he provisions of this subchapter ... shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." Subsection (c)(1) contains the following definition: "The term 'State law' includes all laws, decisions, rules, regulations, or other State action having the effect of law, of any State...."

The provisions just quoted were intended to preempt the field of employee benefit plans. As stated by Hutchinson and Ifshin, *Federal Preemption of State Law Under the Employee Retirement Income Security Act of 1974*, 46 U.Chi.L.Rev. 23, at page 38 (1978): "Both the statutory language of ERISA and its legislative history make clear that Congress intended to occupy comprehensively the field of employee benefit plan regulation." And at page 41 of that article the authors state: "That ERISA's structure, language, and legislative history support a broad interpretation of the scope of federal preemption of state law in this field has not been seriously questioned by many. Federal district courts generally have concluded that 'federal preemption in the area of pensions and other employee benefit programs is virtually total.'"

ERISA gives various rights of action, including a right by any participant to sue for benefits. Section 1132(a)(1). The Act also provides under Section 1140 a cause of action for interference with protected rights. Still another of the rights of action given under this statute is one specified in Section 1109 to redress breaches of fiduciary duty.

However, all of the rights of action permitted under ERISA must be pursued in the federal court, with a single exception. This limitation upon state court jurisdiction appears in Section 1132(e)(1) as follows: "Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, or fiduciary. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section." The one exception as to which the state court has concurrent jurisdiction [subsection (a)(1)(B) of Section 1132] relates to a suit by a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Other than that single exception, the exclusive jurisdiction of the federal courts has been uniformly recognized. *Goldberg v. Caplan,* 277 Pa.Super. 47, 419 A.2d 653 (1980); *Smith v. Crowder Jr. Co.,* 280 Pa.Super. 626, 421 A.2d 1107 (1980); *Zink v. Heiser,* 109 Misc.2d 354, 438 N.Y.S.2d 209 (1981); *Central States, etc. v. Old Sec. Life Ins.,* 600 F.2d 671 (7th Cir. 1979); *Levy v. Lewis,* 635 F.2d 960 (2nd Cir. 1980); *Morrissey v. Curran,* 567 F.2d 546 (2nd Cir. 1977).

Moreover, even in suits for benefits under a plan as to which a state court has concurrent jurisdiction, the preemption provision of Section 1144 precludes the engrafting of any common law cause of action. Common law causes of action in this field have been eliminated.

■ In the present case, Riggins has violated the above principles by attempting to present common law causes of action under Counts I through V. Count II, for example, attempts to state a cause of action for intentional interference with contract. A similar attempt was rejected in *Dependahl v. Falstaff Brewing Corp.,* 653 F.2d 1208 (8th Cir. 1981). In that respect, the court held as follows at pages 1215–16:

"Congress therefore saw a need to set minimum, uniform national standards for employee benefit plans and to provide for uniform remedies in the enforcement of the plans. In doing so, Congress preempted all state laws which relate to employee benefit plans, not only state laws

which directly attempt to regulate an area expressly covered by ERISA. [citing authority]. Congress 'meant to establish pension plan regulation as exclusively a federal concern,' limited only by the terms of ERISA itself. [citing authority].

\* \* \* \* \* \*

"The thrust of the former executives' argument against federal preemption of the state tortious interference with contract cause of action focuses on the lack of substantial damage such a cause of action would have on the overall purpose of ERISA. This argument, however, misses the point. If Congress has already provided a remedy for the violation of the former executives' benefit plans, then once Congress has expressed its intention to occupy the field, the state law is preempted, regardless of whether or not a conflict exists which involves a direct interference by the state law with the substantive federal legislation. Here, Congress has provided a remedy for the wrong allegedly done the former executives by Kalmanovitz. . . . "

By reason of ERISA, the trial judge has no jurisdiction over Counts I through V of Riggins' second amended petition.

## II.
### Subject Matter Jurisdiction Under Count VI

A. *As to the Plan and the Trust.* Respecting the cause of action asserted against the Plan under Count VI, the trial court plainly has jurisdiction. In this count, Riggins is attempting to recover benefits due to him and the state court has concurrent jurisdiction under Section 1132(e)(1). Furthermore, suit lies directly against the Plan as an entity under the provision of Section 1132(d)(1) which states: "An employee benefit plan may sue or be sued under this subchapter as an entity. Service of summons, subpena [sic], or other legal process of a court upon a trustee or an administrator of an employee benefit plan in his capacity as such shall constitute service upon the employee benefit plan. . . . "

■ Although the language of the statute just quoted does not expressly extend the same treatment to the Trust, the statute has been so interpreted. *Carter v. Montgomery Ward & Co.,* 76 F.R.D. 565 (D.C.Tenn.1976).

■ B. *As to Berry and Fishman.* The necessity or value of joining these officials of the Plan as parties is questionable in light of Section 1132(d)(1). Nevertheless, the propriety of doing so has been recognized in *Carter v. Montgomery Ward & Co., supra.* No personal judgment, however, may be entered against them. Section 1132(d)(2). See in this connection *Goldberg v. Caplan, supra,* 419 A.2d n.5 on page 657.

■ C. *As to Ward.* The Plan and the Trust Agreement were presented to the trial court on the motion for summary judgment, attached as exhibits to the affidavit of Fishman. The salient provisions of the Plan for present purposes are as follows: Paragraph 9.1 provides, "the Committee shall have all authority and responsibility for the administration and interpretation of the Long-Term Disability Plan, and, for purposes of ERISA, shall be the 'administrator' of the Long-Term Disability Plan and its 'named fiduciary' with respect to matters for which it is responsible . . . To the maximum extent permitted by ERISA, every action and determination of the Committee in accordance with this Article IX shall be final and binding upon each Participant. . . . " Paragraph 9.2 provides that the Committee shall appoint the trustees and that "the Trustees shall have exclusive authority to manage and control the Trust Fund, subject to the provisions of the Long-Term Disability Plan and the Trust Agreement and, for purposes of ERISA, shall be the 'named fiduciary' of the Long-Term Disability Plan with respect to matters for which they are responsible. . . . " Paragraph 9.6 provides that "[a]ll benefits and other amounts payable hereunder shall be paid exclusively from the Trust Fund, and neither the Company, the Committee, any Trustee, the Administrative Director, nor any director, officer, employee or agent of the Company assumes any responsibility or liability therefor." Paragraph 9.7 sets

forth the claims procedure, under which the final step consists of presentation to the Plan Committee, whose decision "shall be final, binding and conclusive...."

The pertinent provisions of the Trust Agreement are as follows: Paragraph 3.1 provides that "[t]he Trustees shall make payments from the Trust Fund as directed in writing by the Committee...." Paragraph 4.1 provides that "the Trustees shall have exclusive authority and discretion to manage and control the Trust Fund." Paragraph 7.1 provides that "[t]he Committee shall have complete authority to determine, in accordance with the provisions of the Long-Term Disability Plan and this Trust Agreement, the existence or nonexistence, nature and amount of the rights and interest of all persons in the Trust Fund and under the Long-Term Disability Plan."

Under these provisions, the employer Ward is not an "administrator" nor a "fiduciary" and is not a proper party to a suit for the purpose of enforcing benefits under the Plan. *Boyer v. J. A. Majors Co. Emp. Profit Sharing Plan*, 481 F.Supp. 454 (D.C.Ga. 1979); *Carter v. Montgomery Ward & Co., supra.*

### III.
*Jurisdiction Over the Persons of
Berry and Fishman*

The Plan has conceded jurisdiction over its person. Berry and Fishman are permitted as parties in this case only as formal parties in their representative capacity on behalf of the Plan. If the court has personal jurisdiction over the Plan, it must be held that the court likewise has personal jurisdiction over the formal representatives Berry and Fishman.

### IV.
*Motion for Damages*

Riggins has filed a motion for the assessment of damages under Rule 84.19. That motion is hereby overruled.

The Writ of Prohibition is made absolute as to Counts I through V of Riggins' second amended petition and as to Ward under Count VI of that petition. The preliminary writ is quashed as to the Plan, the Trust, Fishman and Berry under Count VI of the second amended petition.