Gordon W. HAGLER, Respondent,

v.

J.F. JELENKO & CO., Appellant.

No. WD 38041.

Missouri Court of Appeals,
Western District.

Nov. 4, 1986.

Andrew See, Shook, Hardy & Bacon, Kansas City, for appellant.

Robert F. Redmond, III, Jeffrey S. Bay, Van Osdol, Magruder, Erickson and Redmond, Kansas City, for respondent.

Before GAITAN, P.J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

J.F. Jelenko & Company appeals from a judgment on a jury verdict against it for $10,665.00 on Gordon W. Hagler's claim for breach of contract. Jelenko argues that Hagler's common law contract claim was preempted by the Employee Retirement Income Security Act of 1974, 29 § U.S.C. 1001, et seq. (1982) (ERISA), and that Hagler failed to make a submissible contract case.

Reversed.

Hagler pleaded a cause of action for breach of an employment agreement. He alleged that he had worked for Jelenko for more than 15 years and that one of the terms of his employment contract was that, in the event his employment was terminated, Jelenko would pay him severance pay of one week's salary for each year he had worked for Jelenko. He alleged he was fired by Jelenko, but that Jelenko failed to pay the severance pay required by the employment contract.

Hagler proceeded to trial on the contract theory and submitted the case to the jury

by a contract verdict director based on MAI–3d 26.06. The jury returned a verdict in his favor.

Jelenko moved to dismiss the petition for failure to state a claim, arguing that ERISA preempted any common law contract claim for severance benefits. Jelenko also moved for a judgment notwithstanding the verdict, or in the alternative, for a new trial.

Hagler's claim was based on an alleged agreement by Jelenko to provide a severance benefit. Such an agreement to provide severance benefits falls within the regulatory scope of ERISA. ERISA covers "employee benefit plans" that are "established or maintained ... by any employer engaged in commerce or in any industry or activity affecting commerce." 29 U.S.C. § 1003(a).

Jelenko is a manufacturer and national distributor of dental equipment, materials, and supplies used by dental laboratories, and is therefore the sort of employer covered by ERISA.

"Employee benefit plans" include "employee welfare benefit plans", 29 U.S.C. § 1002(3), which are defined (in relevant part) as:

> [A]ny plan, fund, or program ... established or maintained by an employer ... to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries ...
> (B) any benefit described in Section 186(c) of this title (other than pensions or retirement or death, and insurance to provide such pensions).

Types of benefits "described in" 29 U.S.C.A. § 186(c) (West 1986 Cum.Supp.) have been held to include unfunded severance pay plans, such as Hagler alleged in this case. *Gilbert v. Burlington Industries*, 765 F.2d 320, 324–26 (2d Cir.1985), *aff'd sub nom Roberts v. Burlington Industries, Inc.*, — U.S. —, 106 S.Ct. 3267, 91 L.Ed.2d 558 (1986); *Scott v. Gulf Oil Corp.*, 754 F.2d 1499, 1502–03[4] (9th Cir. 1985); *Holland v. Burlington Industries, Inc.*, 772 F.2d 1140, 1144–46[1–3] (4th Cir.

1985), *aff'd sub nom Brooks v. Burlington Industries, Inc.*, — U.S. —, 106 S.Ct. 3267, 91 L.Ed.2d 559 (1986).

■ Although Hagler argues that the agreement he alleges was not a "plan" because it was never committed to writing, the fact that a plan is articulated orally rather than in writing does not remove it from the scope of ERISA. *Scott*, 754 F.2d at 1503[5].

■ Since the type of benefit alleged by Hagler is covered under ERISA, Hagler's common law cause of action for breach of a contract to confer such a benefit is preempted by ERISA. *State ex rel. Montgomery Ward v. Peters*, 636 S.W.2d 99, 101–02[1, 2] (Mo.App.1982). Therefore, the trial court lacked subject matter jurisdiction over Hagler's common law contract claim.

■ For the first time Hagler now contends that he proved facts sufficient to constitute an ERISA cause of action for benefits under a plan maintained by Jelenko, *see* 29 U.S.C. § 1132(a)(1)(B), and that under 29 U.S.C. § 1132(e)(1) the state courts have concurrent jurisdiction with the federal courts over an action for benefits. At trial, Hagler pursued a cause of action for common law breach of contract, as shown above. He may not now adopt a new theory after he tried and submitted the case as a contract action. *Folk v. Countryside Casualty Co.*, 686 S.W.2d 882, 884[3] (Mo.App.1985).

Because preemption by ERISA mandates dismissal of Hagler's contract claim, there is no need to consider Jelenko's argument that Hagler failed to prove a submissible contract case.

The judgment is reversed.

All concur.