**Robert O'BRIEN, Plaintiff–Respondent,**

v.

**GREAT LAKES CONTAINER CORPORATION, Defendant–Appellant.**

No. 53197.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 19, 1988.

William B. Smith, Shelley L. Woodward, St. Louis, for defendant-appellant.

Bernard P. McDonnell, Clayton, for plaintiff-respondent.

KELLY, Judge.

Great Lakes Container Corporation ("Great Lakes") appeals from the judgment of the trial court entered in favor of respondent Robert O'Brien in his contract action against Great Lakes for severance and vacation pay following termination of his employment with Great Lakes. The trial court awarded O'Brien $3,873.00 in severance pay and $968.30 in vacation pay. Great Lakes challenges the subject matter jurisdiction of the trial court. Great Lakes reasons that any applicable cause of action by O'Brien under state law is pre-empted by the Employment Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1461 ("ERISA"). We agree and reverse and remand the judgment of the trial court with directions.

Great Lakes is a Michigan corporation engaged in the business of reconditioning steel drums. It maintains several plants throughout the United States. In January 1977, Great Lakes hired respondent at its plant in the City of St. Louis. Sometime in 1980, an officer of Great Lakes gave respondent a management booklet containing certain company policies including severance pay and vacation benefits. Under the handbook's terms, severance pay accrued in proportion to one's length of employment. In May 1985, Great Lakes revised its handbook. Apparently the amended guidelines effectively eliminated the severance pay benefits. Great Lakes subsequently fired respondent on August 1985 and gave him two weeks' notice in lieu of severance pay in accordance with the 1985 amendment. O'Brien, in turn, initiated this lawsuit against Great Lakes to recover severance and vacation pay benefits to which he claimed he was entitled under the original handbook guidelines.

The sole issue on appeal is whether ERISA pre-empts one's right to maintain a claim in state court for breach of contract based upon an employer's handbook to re-

cover severance and vacation pay accrued under an employee welfare benefit plan. If answered affirmatively, the state trial court lacked jurisdiction to determine the merits of respondent's action against Great Lakes.

ERISA subjects employee benefit plans to federal regulation. *See generally* 29 U.S.C. § 1001(a). ERISA pre-empts state laws which "relate to any employee benefit plan described in § 1003(a) of this title and not exempt under § 1003(b) of this title." 29 U.S.C. § 1144(a). The coverage provision states that ERISA applies "to any employee benefit plan if it is established or maintained—(1) by any employer engaged in commerce in any industry or activity affecting commerce; (2) by any employee organization or organizations representing employees engaged in commerce or in any industry or activity affecting commerce; or (3) by both." 29 U.S.C. § 1003(a).

ERISA defines "employer" as "any person acting directly as an employer", 29 U.S.C. § 1002(5), and "person" includes a corporation. 29 U.S.C. § 1002(9). "Commerce" means "trade, traffic, commerce, transportation, or communication between any state and any place outside thereof." 29 U.S.C. § 1002(11). Neither side disputes that Great Lakes is an employer within the meaning of ERISA.

Under the statute, an "employee benefit plan" is defined to include both pension and welfare plans. 29 U.S.C. § 1002(3). An employee pension benefit plan provides income deferral or retirement income. 29 U.S.C. § 1002(2). An employee welfare benefit plan is "any plan, fund or program" that provides benefits for contingencies such as medical, surgical, or hospital care or sickness, accident, disability, death or unemployment, or *vacation benefits*, apprenticeship or other training programs, or day care centers, scholarship funds or prepaid legal services. 29 U.S.C. § 1002(1)(A). (emphasis ours). Those employee benefit plans which are exempted include: (1) governmental plans; (2) church plans; (3) plans maintained solely in compliance with applicable workmen's compensation laws or unemployment compensation or disability insurance laws; (4) plans maintained outside of the United States primarily for the benefit of non-resident aliens; or (5) plans which are excess benefit plans and are unfunded. 29 U.S.C. § 1003(b).

Section 1002(1)(B) defines an employee welfare benefit plan as a plan that pays, *inter alia*, benefits described in 29 U.S.C. § 186(c). The Supreme Court has noted that the latter section includes, *inter alia*, money paid by an employer to a trust fund to pay for severance benefits. *Fort Halifax Packing Co. v. Coyne,* —— U.S. ——, 107 S.Ct. 2211, 2215 n. 5, 96 L.Ed.2d 1 (1987). In *Fort Halifax Packing Co.*, the Court further observed that § 1002(1)(B) has been construed to include severance benefits paid out of general assets, as well as out of a trust fund. *Id.* (citing *Holland v. Burlington Industries, Inc.,* 772 F.2d 1140 (4th Cir.1985), *summarily aff'd,* 477 U.S. 901, 106 S.Ct. 3267, 91 L.Ed.2d 559 (1986); *Gilbert v. Burlington Industries, Inc.,* 765 F.2d 320 (2d Cir.1985), *summarily aff'd,* 477 U.S. 901, 106 S.Ct. 3267, 91 L.Ed.2d 558 (1986); *Scott v. Gulf Oil Corp.,* 754 F.2d 1499 (9th Cir.1985); 29 CFR § 2510.3–1(a)(3) (1986)). Severance pay, although not expressly set out in the language of 29 U.S.C. § 1002(1), also falls within the scope of ERISA as an "employee welfare benefit plan". *Boutillier v. Libby, McNeill & Libby, Inc.,* 42 Wash.App. 699, 713 P.2d 1110, 1118 [11](1986). We are satisfied that the severance and vacation pay benefits offered by Great Lakes to its employees are employee welfare benefit plans within ERISA's scope.

Having mentioned that the ERISA pre-emption provision 29 U.S.C. § 1144(a) provides in pertinent part that, with certain exceptions, ERISA "shall supercede *any and all State laws* insofar as they may now or hereafter relate to any benefit plan ...", we are mindful of the Supreme Court's decision in *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). In *Shaw,* the Court eliminated much of the confusion arising from various federal and state decisions addressing the scope of § 1144(a). The Supreme Court held that for the purposes

of § 1144(a), the words "relate to" are to be interpreted in the broad sense. 103 S.Ct. at 2900. The Court went on to provide:

A law "relates to" an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan.... We must give effect to this plain language unless there is good reason to believe Congress intended the language to have some more restrictive meaning. (citations omitted).

*Shaw*, 103 S.Ct. at 2900.

In *Alessi v. Raybestos–Manhattan, Inc.*, 451 U.S. 504, 101 S.Ct. 1895, 1907, 68 L.Ed.2d 402 (1981), the court noted that state law which even indirectly relates to ERISA may be superseded:

ERISA makes clear that even indirect state action bearing on private pensions may encroach upon the area of exclusive federal concern. For the purposes of the pre-emption provision, ERISA defines the term "State" to include: "a State, any political subdivision thereof, or any agency or instrumentality of either, which purports to regulate, *directly or indirectly*, the terms and conditions of employee benefit plans covered by this subchapter."

Armed with these precedents, it has been noted elsewhere that the weight of case authority has held that state law claims which affect pension plans even indirectly are pre-empted by ERISA. *See Boutillier*, 713 P.2d at 1118 n. 6. In *Boutillier*, the court held that application of Washington contract law would indirectly regulate administrative decisions made in processing pension plan claims. *Id.* 713 P.2d at 1118–19. The court in *Boutillier* concluded state court claims predicated on common law contract and estoppel theories were "related to" employee benefit plans and pre-empted by ERISA.

Great Lakes states that O'Brien's claim falls under a benefit plan covered by ERISA. We accept Great Lakes' assertion that it maintains an employee benefit plan and agree that its plan falls within the purview of ERISA; therefore, ERISA pre-empts O'Brien's contract claim in state court. In *Hagler v. J.F. Jelenko & Co.*, 719 S.W.2d 486, 487[2] (Mo.App.1986), a case closely resembling the facts here, the Western District reached the same result and we see no reason to decide otherwise.

■ We reject O'Brien's argument that he has no recourse under ERISA because Great Lakes had effectively terminated its plan prior to his termination. We also believe Great Lakes is foreclosed from representing in federal court that it had no plan within ERISA's scope after having defeated O'Brien's state contract claim by representing in state court that it did have such a benefit plan. Since the types of benefits O'Brien sought to recover from Great Lakes are covered under ERISA under its self-professed employee benefit plan, we conclude ERISA pre-empts O'Brien's common law action for Great Lake's breach of contract in failing to pay him such benefits.

We reverse and remand the judgment of the trial court with directions that it enter its order dismissing O'Brien's action against Great Lakes for lack of jurisdiction because of pre-emption by ERISA.

KENT E. KAROHL, P.J., and SMITH, J., concur.