John GANNON

v.

**BALDT ANCHOR AND CHAIN, Division of Baldt Corporation.**

Civ. A. No. 77–2570.

United States District Court,
E. D. Pennsylvania,
Civil Division.

Jan. 27, 1978.

Joseph Lurie, Philadelphia, Pa., for plaintiff.

Edward J. Carney, Jr., Media, Pa., for defendant.

## MEMORANDUM OF DECISION

McGLYNN, District Judge.

This is an action brought by a discharged supervisory employee against his former employer alleging he was discharged in violation of a collective bargaining agreement and an oral contract of employment. Plaintiff claims this court has jurisdiction by reason of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (1965).[1]

Defendant has moved to dismiss on the grounds that the court lacks jurisdiction of the subject matter. Fed.R.Civ.P. 12(b)(1).

Viewing the pleadings in the light most favorable to the plaintiff, it is clear that the plaintiff does not have a claim based upon the contract between his former employer and a labor organization representing employees and, therefore, plaintiff cannot rely upon Section 301 to invoke the jurisdiction of this court.

---

1. 29 U.S.C. § 185.

(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties. . . .

Plaintiff was employed by defendant for 19 years and until 1973 was a member of the Industrial Union Marine & Shipbuilding Workers of America, AFL–CIO, Local No. 48. In 1973, plaintiff was promoted out of the bargaining unit and became a supervisory employee.[2] Under the collective bargaining agreement then in effect, plaintiff retained all seniority he had accumulated up to the time of his promotion. Plaintiff was discharged on December 17, 1976.

Plaintiff contends that under the oral contract, he was employed as a supervisory employee, "for such period of time as his work was satisfactory subject to an implied covenant that upon layoff or termination plaintiff would be allowed to return to the bargaining unit pursuant to seniority rights retained by Article XXIII of the Agreement." (Complaint ¶ 14). He alleges that defendant "wrongfully" and without proper cause, discharged him in violation of the collective bargaining agreement and in violation of the oral contract, and "wrongfully refused plaintiff the opportunity to return to the bargaining unit in violation of the [collective bargaining] Agreement." (Complaint ¶¶ 16–18). Since plaintiff was a supervisory employee and not in the bargaining unit at the time of his discharge, plaintiff could not avail himself of the grievance procedure contained in the collective bargaining agreement. (Complaint ¶ 22).

I am aware that under Section 301 of the Labor Management Relations Act, a federal court may decide actions brought by individual employees to enforce their rights under collective bargaining agreements. (29 U.S.C. § 185 (1965); *Humphrey v. Moore,* 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964)), but the issue here is whether plaintiff has any such rights.

Article XXIII, Section 3 of the collective bargaining agreement provides:

Section 3. Supervisory employees who are not now in the bargaining unit will retain all accumulated seniority, but will not accumulate any additional seniority beyond May 18, 1973. Any supervisor who shall be *demoted* to classifications within the bargaining unit shall take his place on the seniority list in accordance with his retained company seniority.

If any employee is transferred in the future to a supervisory or other position and *is thereby excluded from the coverage of this agreement,* such employee shall retain the seniority accumulated up to the date of transfer out of the bargaining unit, in the classification from which he was transferred. In the event he is later *demoted* to a *classification in the bargaining unit,* he will take his place on the seniority list in accordance with his retained seniority if transferred, after completion of his trial period, or with total seniority uninterrupted if during the trial period.   .   .   .

Any employee who has been promoted to a supervisory or other position, *excluding him from the coverage of this agreement,* and within a three (3) month trial period, has been found by the Company unsuitable for the position to which he has been promoted, shall not be discharged for incompetence in such position, but shall be returned to the position from which he was promoted, at the rate of pay for such position. (emphasis supplied)

This language explicitly preserves the seniority rights only of those members of the bargaining unit who are initially promoted out of the unit but who are subsequently demoted to positions within the unit. It also protects former members of the bargaining unit who are promoted to supervisor from being discharged for incompetence for a period of three months.

On the other hand, there is absolutely no duty on the employer to demote rather than discharge a supervisory employee who has been out of the bargaining unit three months or more. Thus, the benefits conferred by Article XXIII are not available to the plaintiff who has been a supervisor for more than three years. *See, United Steel-*

2. Congress excluded supervisors from the protection of the National Labor Relations Act by Sections 2(3) and 2(11). 29 U.S.C. §§ 152(3), 152(11) (1970). *See Mourning v. NLRB,* 182 U.S.App.D.C. 147, 559 F.2d 768 (1977).

*workers of America, Local No. 1617 v. General Fireproofing Company,* 464 F.2d 726 (6th Cir. 1972).

Several courts have recognized the right of certain third party beneficiaries to sue for breach of collective bargaining agreements under Section 301. However, these cases have concerned the rights of retirees, pensioners, or severed employees to sue when their vested retirement or pension or severance rights were unilaterally changed or withheld. *Chemical Workers v. Pittsburgh Glass,* 404 U.S. 157, 182, 92 S.Ct. 383, 30 L.Ed.2d 341, 359 (1971); *Knoll v. Phoenix Steel Corp.,* 325 F.Supp. 666 (E.D.Pa. 1971); *Hazen v. Western Union Telegraph Co.,* 518 F.2d 766 (6th Cir. 1975). Moreover, in each of these instances, a party would be claiming benefits specifically due under the relevant collective bargaining agreement.

In contrast, the complaint in the case at bar challenges the defendant's refusal to allow plaintiff to *"return to the bargaining unit"* pursuant to seniority rights retained by Article XXIII. . . ." (Complaint ¶ 14, Emphasis Added). In his prayer for relief, plaintiff asks for an accounting of wages, benefits and raises from the date of the alleged unlawful discharge and for damages incident thereto. In essence, plaintiff is challenging his discharge from employment not his eligibility for seniority rights. Thus, the cases on which plaintiff relies do not provide authority under which he can maintain this action.

In addition, these cases are not controlling because plaintiff here cannot be considered to be a third party beneficiary to the contract since by its express terms, employees in plaintiff's category are specifically excluded. *See* Restatement (Second) of Contracts § 133 and Illustration 13 (Rev. Ed. Tentative Drafts 1–7, 1973). *See Van Cor, Inc. v. American Casualty Co.,* 417 Pa. 408, 208 A.2d 267 (1965); *Pennsylvania Liquor Control Board v. Rapistan, Inc.,* 472 Pa. 36, 371 A.2d 178, 182–83 (1976).

Thus, whatever contractual rights plaintiff may have arising out of his wrongful discharge, they are not found in the collective bargaining agreement.

Accordingly, this court does not have jurisdiction under Section 301 of the Labor Management Relations Act.

Defendant's motion to dismiss will be granted.