David A. DAVIS, Plaintiff,

v.

OHIO BARGE LINE, INC., a corporation, and National Maritime Union of America AFL CIO, port of Pittsburgh, Defendants.

Civ. A. No. 81–2268.

United States District Court, W. D. Pennsylvania.

April 8, 1982.

Peter M. Suwak, Washington, Pa., for plaintiff.

Anthony J. Polito, Corcoran, Hardesty, Ewart, Whyte & Polito, Richard D. Gilardi, Gilardi & Cooper, Pittsburgh, Pa., George J. Cappiello, Jr., Phillips & Cappiello, New York City, for defendants.

## OPINION

COHILL, District Judge.

On October 16, 1978, defendant, Ohio Barge Line, Inc. ("OBL"), hired plaintiff, David A. Davis, a controlled epileptic, to work as a deck hand. Eight days later, OBL discharged plaintiff. At that time, plaintiff did not file or process a grievance protesting his discharge under the applicable collective bargaining agreement. Instead, as indicated by the "Settlement Agreement" attached to his complaint as Exhibit A, plaintiff filed a complaint with the United States Department of Labor charging OBL with handicap discrimination in employment under section 503 of the Vocational Rehabilitation Act of 1973, as amended, 29 U.S.C. § 793. The Department of Labor did not actively pursue the complaint because it was unable to ascertain whether OBL was a federal sub-contractor.

Plaintiff and OBL subsequently entered into a settlement agreement pursuant to which plaintiff returned to work for OBL on July 23, 1980. The two did not sign the agreement until December 22, 1980.

On January 2, 1981, OBL once again terminated plaintiff's services. Plaintiff protested this discharge to the defendant union ("Union"), and the Union processed the grievance pursuant to the provisions of a collective bargaining agreement between OBL and the Union. The collective bargaining agreement is attached to the complaint as Exhibit B. An arbitration hearing was conducted on the matter on September 8, 1981, and on November 19, 1981, the arbitrator entered an award denying the grievance and sustaining plaintiff's discharge. Complaint, Exhibit C. Shortly thereafter, plaintiff filed the instant action.

Both of the defendants have filed motions to dismiss. In addition, the Union has moved to strike plaintiff's demand for a jury trial. Because of our resolution of the motions to dismiss, we need not address the jury trial issue.

### Analysis

■ In considering a motion to dismiss, we must accept as true all well-pleaded allegations of plaintiff's complaint. *Leeward Petroleum, Ltd. v. Mene Grande Oil Co.*, 415 F.Supp. 158, 162 (D.C.Del.1976). Count 1 of plaintiff's complaint asserts a cause of action against OBL for wrongful discharge and a corresponding cause of action against the Union for breach of its duty of fair representation. Count 2 asserts an action to vacate or modify the final decision of the arbitrator, sustaining plaintiff's discharge. Both counts purport to invoke this court's jurisdiction pursuant to section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

29 U.S.C. § 185(a) provides that:

*Suits for violation of contracts between an employer and a labor organization representing employees* in an industry affecting commerce as defined in this chap-

ter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties. (Emphasis added.)

After a review of the complaint and careful consideration of the parties' briefs and oral argument, we find that plaintiff's claims in counts 1 and 2 are not based upon any alleged violation of the collective bargaining agreement between OBL and the Union. Rather, we find that those claims are anchored upon the private settlement agreement that plaintiff entered into with OBL. The essence of plaintiff's allegations in count 1 regarding his 1981 discharge is that he was discharged wrongfully in breach of the provisions of the "*Settlement Agreement*." Count 2 of plaintiff's complaint asks this court to vacate or modify the arbitrator's final decision on the basis that the arbitrator either ignored or improperly construed provisions of the "*Settlement Agreement*." It is significant to note here that although a signature line was provided for the Union to consent to the "*Settlement Agreement*," the Union never signed that agreement. An alleged breach of a private settlement agreement between an employer and an employee cannot provide the jurisdictional basis for a cause of action under section 301 of the LMRA. *See Local No. 1 (ACA) v. International Brotherhood of Teamsters*, 614 F.2d 846, 849 n.3 (3d Cir. 1980); *Gannon v. Baldt Anchor & Chain*, 459 F.Supp. 457, 459 (E.D. Pa.), aff'd, 588 F.2d 820 (3d Cir. 1978). Accordingly, we will grant defendants' motions to dismiss counts 1 and 2 of the complaint.

■ We note, in any event, that to the extent that plaintiff seeks in count 1 to assert a claim for wrongful discharge as a result of his initial discharge, that claim must fail. First, although plaintiff alleges in paragraph 3 of his complaint that OBL initially terminated his services on October 23, 1978, he does not allege that the termination constituted a breach of the collective bargaining agreement then in effect be-

tween OBL and the Union. Rather, he alleges in paragraph 3 that the initial termination was intended to have or had the effect of "discriminating against [him] because of a handicap." Although such an allegation may form the basis for a complaint to the Department of Labor under section 503 of the Vocational Rehabilitation Act of 1973, it does not form the basis for an action for wrongful discharge in breach of a collective bargaining agreement under section 301 of the LMRA. Second, an action for wrongful discharge cannot be maintained against an employer under section 301 of the LMRA unless there is a corresponding claim of unfair representation against the Union. *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Plaintiff's claim of unfair representation by the Union relates only to the Union's handling of his 1981 grievance. No such claim is asserted with respect to plaintiff's initial discharge, nor could it be in view of the fact that plaintiff never processed a grievance regarding that discharge.

■ The third and last count of plaintiff's complaint alleges that defendant OBL discriminated against plaintiff because of his handicap in violation of section 503 of the Vocational Rehabilitation Act of 1973, as amended, 29 U.S.C. § 793 [hereinafter cited as the Rehabilitation Act]. OBL moved to dismiss this count for failure to state a claim upon which relief may be granted because there is no private right of action under section 503 of the Rehabilitation Act.

The United States Court of Appeals for the Third Circuit has not yet addressed the issue of whether section 503 of the Rehabilitation Act gives an employee a private right of action against an employer contracting with the federal government for alleged discrimination in employment on the basis of a physical handicap. Although plaintiff presented excellent arguments both in his brief and at oral argument in support of the existence of such a right of action, our analysis of the factors identified by the Supreme Court in *Cort v. Ash*, 422

U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975) leads us to conclude that no private right of action may be inferred from section 503. We agree with, and adopt as the position of this court, the extended analysis of this issue by Judge Alvin Rubin for the panel majority in the Fifth Circuit in *Rogers v. Frito-Lay, Inc.*, 611 F.2d 1074 (5th Cir.), *cert. denied sub nom. Moon v. Roadway Express, Inc.*, 449 U.S. 889, 101 S.Ct. 246, 66 L.Ed.2d 115 (1980). We note that at the time the decision in *Drennon v. Philadelphia General Hospital*, 428 F.Supp. 809 (E.D.Pa. 1977), upon which plaintiff relies, was rendered, no circuit court of appeals had yet addressed the issue presented here. Each of the six circuit courts that subsequently has addressed this issue has held that section 503 does not create a private right of action. *See Davis v. United Air Lines, Inc.*, 662 F.2d 120 (2d Cir. 1981), *petition for cert. filed*, 50 U.S.L.W. 3671 (U.S. Feb. 23, 1982) (No. 81–1521); *Rogers v. Frito-Lay, Inc.*, 611 F.2d at 1085; *Hoopes v. Equifax, Inc.*, 611 F.2d 134, 135 (6th Cir. 1979); *Simpson v. Reynolds Metals Co.*, 629 F.2d 1226, 1244 (7th Cir. 1980); *Simon v. St. Louis County*, 656 F.2d 316, 319 (8th Cir. 1981), *cert. denied*, 50 U.S.L.W. 3670 (U.S. Feb. 23, 1982) (No. 81–850); *Fisher v. City of Tucson*, 663 F.2d 861, 867 (9th Cir. 1981).

## ORDER

AND NOW, to-wit, this 8th day of April, 1982, for the reasons set forth above, it is hereby ORDERED, ADJUDGED and DECREED that defendants' motions to dismiss be, and the same hereby are, GRANTED, and plaintiff's complaint be, and the same hereby is, DISMISSED.