**Jill LEE, Plaintiff,**

**v.**

**GENERAL MOTORS CORPORATION, and Stephen Nanney, Individually, Jointly and Severally, Defendants.**

**No. 87–CV–40006–FL.**

United States District Court, E.D. Michigan, S.D. at Flint.

April 1, 1987.

Frumeth Brenda Hirsh, Flint, Mich., for plaintiff.

Terence V. Page, Birmingham, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

NEWBLATT, District Judge.

Before the Court is plaintiff's Motion to Remand this action to Genesee County Circuit Court. The relevant facts are that plaintiff filed a four-count complaint in state court against her employer, General Motors (GM), and a GM security guard, defendant Nanny, alleging that Nanny assaulted her and that defendant GM sexually discriminated against her and was negligent in failing to warn and advise its security guard forces not to threaten or discriminate against female employees. Defendant removed to this court on the ground that the matters addressed in Count IV were substantially dependent on the terms of a collective bargaining agreement; specifically, the agreement between GM and defendant Nanny's union (plaintiff is a member of a different union representing a different bargaining unit). Defendants maintain that, as the claims in Count IV are preempted by § 301 of the Labor Management Relations Act, this court has jurisdiction over this matter.

 As plaintiff correctly asserts under the "well-pleaded complaint" rule, a defendant may not remove a case to federal court unless the plaintiff's complaint on its face establishes that the case arises under federal law. *Gully v. First National Bank in Meridian*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). Moreover, an issue raised by the defendant cannot be a basis for removal jurisdiction. *Franchise Tax Bd. v. Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1982). However, a plaintiff may not defeat removal by failing to plead necessary federal questions in a complaint and in *Avco Corp. v. Aero Lodge No. 735, Int'l Assn of Machinists*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), the United States Supreme Court established the rule

that if a defendant successfully asserts that a state claim, however valid as such, is pre-empted by § 301, it is removable in spite of the general prohibition against removal. Thus, the issue is whether the claim asserted in Count IV is pre-empted by § 301.

In *Allis Chalmers v. Lueck*, 471 U.S. 202, 221, 105 S.Ct. 1904, 1916, 85 L.Ed.2d 206, 221 (1985), the Supreme Court indicated the length to which the preemptive effect of § 301 extended beyond suits simply alleging contract violations holding that

> when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim ... or dismissed as preempted by federal labor-contract law.

The Court found that as to state tort claims, such claims were preempted by § 301 when

> evaluation of the tort claim is inextricably intertwined with consideration of the terms of the labor contracts.

*Id.* at 213, 105 S.Ct. at 1912, 85 L.Ed.2d at 215.

The Court did note that

> not every dispute concerning employment, or tangentially involving a provision of a collective bargaining agreement, is preempted by § 301 or other provisions of the federal labor law.

. . . . .

As the court in *Michigan Mutual Ins. v. United Steelworkers of America*, 774 F.2d 104, 106 (6th Cir.1985) stated:

> The holding of *Allis–Chalmers* is not without limits. Section 301 does not preempt all state regulations of the substantive provisions of collective bargaining agreements. *Allis–Chalmers*, 105 S.Ct. at 1911, n. 6. Nor does § 301 necessarily preempt lawsuits that assert rights created independent of collective bargaining agreements, but related to them in some way. *Allis–Chalmers*, 105 S.Ct. at 1916.[1]

---

**1.** In *Michigan Mutual,* the court held that a workers' compensation insurer's contribution

action alleging that a union breached its duty arising under a collective bargaining agreement

Before even reciting the issue of whether plaintiff's Count IV claim is preempted, the Court must address the issue of whether plaintiff would have standing under § 301. Defendants' argument is that plaintiff is asserting a claim that would more properly be asserted under § 301 because it involves interpretation of the collective bargaining agreement between GM and the union which represents defendant Nanny and of which plaintiff is not a member. The problem is that plaintiff could not have brought a § 301 claim in the first place.

■ Section 301(a) of the LMRA provides that:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court of the United States having jurisdiction of the parties ...

Although the statute does not identify who may bring a suit (saying only that "suits ... may be brought,") "courts have generally held that [§ 301] creates federal jurisdiction *only over parties to the contract being sued upon.*" *Metropolitan Detroit Bricklayers v. J.E. Hoetger & Co.*, 672 F.2d 580, 583 (6th Cir.1982) (emphasis added). It is well settled in this Circuit that a § 301 suit may be brought by the parties to a contract, the employer and the union, *Hoetger, supra,* by the individual members of a signatory union, *Smith v. Evening News Assn.*, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962), as well as individuals who are not employees of the employer-party, provided that they have a personal and/or beneficial interest in the enforcement of such agreement and said interest is injured by a breach thereof. *Williams v. AMF, Inc.*, 512 F.Supp. 1048 (S.D.Ohio 1981).

The last category of individuals, or third-party beneficiaries of collective bargaining agreements, have been limited to situations where the rights and duties of the non-signatory party are stated in terms and conditions of the contract. *Service, Hospital, Nursing Home and Public Employees Un-*

ion, Local No. 47 v. Commercial Property Services, 755 F.2d 499 (6th Cir.1985). *See also Adkins v. General Motors Corp.*, 556 F.Supp. 452 (S.D.Ohio 1983) (Spouses of employees and former employees had no standing to sue on the basis of their marital status); *Williams, supra* (former employees can bring suit to enforce under § 301); *Hazen v. Western Union Telegraph Co.*, 518 F.2d 766 (6th Cir.1975) (suit brought by widow of employee for benefits due that employee); and *Hill v. Iron Workers, Local 25*, 520 F.2d 40 (6th Cir.1975) (suit by applicant for employment permitted because applicant protected by contract).

■ In this case, plaintiff is neither a signatory to the collective bargaining agreement between General Motors and the United Plant Guard Workers of America (UPGWA), nor is she a member of the UPGWA. Moreover, a review of that agreement indicates that plaintiff is not a third-party beneficiary of the agreement. There is nothing in the terms and conditions of the agreement (which is listed as Exhibit 1 of defendant's response) which denotes any rights or duties of non-signatories such as plaintiff. The portions listed by defendants in their response, though cited for another purpose, relate only to the rights of defendant GM "to hire, promote, discharge or discipline" guards.

Even assuming that plaintiff had standing, this would hardly be the type of case involving pre-emption. Count IV is neither substantially dependent upon analysis of the terms of the agreement between GM and the UPGWA nor could it be characterized as inextricably intertwined with consideration of the terms of agreement. At the most, it might be used to aid in establishing one of the factual circumstances in which operative facts occurred and thus only incidentally, if at all, bear on the breach of any alleged duty owed to plaintiff. The parameters of a duty alleged ("to adequately warn and advise its security guards to refrain from threatening female employees and to refrain from discrimina-

to provide safety services to its members was preempted by § 301 because the collective bar-

gaining agreement was the origin of the union duty.

ting against female employee") are both created and determined outside of the agreement.

Therefore, for the reasons just stated, the plaintiff's motion to remand is hereby GRANTED.

IT IS SO ORDERED.