**Robert G. FURTADO, Plaintiff,**

v.

**AC SPARK PLUG, A DIVISION OF GENERAL MOTORS CORPORATION, a Delaware corporation, Kathy M. Drummond and Patrick Roche, jointly and individually, Defendants.**

**No. 87–CV–40307–FL.**

United States District Court,
E.D. Michigan, S.D.,
at Flint.

April 12, 1988.

Frumeth Brenda Hirsh, Flint, Mich., for plaintiff.

Thomas A. Cattel, Birmingham, Mich., for defendants.

## AMENDED MEMORANDUM OPINION AND ORDER

NEWBLATT, District Judge.

Before the Court is plaintiff's Motion to Remand, to which defendants have objected. This case involves a claim under the Michigan Handicappers' Civil Rights Act (MHCRA), M.C.L.A. § 37.1101, *et seq.* Plaintiff has alleged that defendants failed to accommodate his physical handicap in the administration of their standard apprenticeship examination.

Plaintiff argues that the alleged violation of the MHCRA arises from rights independent of those established by the collective bargaining agreement between General Motors (GM) and the UAW, and hence, are not governed by § 301 of the LMRA, 29 U.S.C. § 185. Defendants contend that plaintiff's claim is preempted by § 301 and therefore is properly before this Court.

Under the ruling in *Allis–Chalmers v. Lueck,* 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985), the analysis should center on whether the alleged state claim "confers non-negotiable state law rights ... independent of any terms of the labor contract." *Id.* at 213, 105 S.Ct. at 1912. Plaintiff contends that the MHCRA does not "[purport] to define that meaning of the contract relationship" but rather, confers "a statutory right that exists independent of any protection afforded by the collective bargaining agreement," *citing, Nolte v. Blue Cross Blue Shield of Michigan,* 651 F.Supp. 576, 577–78 (E.D.Mich. 1986). Plaintiff asserts that defendants' duty to accommodate his handicap does not arise from either the collective bargaining agreement which provided for creation and administration of the apprenticeship plan, nor from the apprentice plan itself.* Finally, plaintiff argues that he does not have standing to bring an action under § 301,

---

* Which plaintiff notes, does not include "handicap" as part of its non-discrimination pledge.

thus his claim would not be preempted, *citing, Service Hospital, Nursing Home & Public Employees Union Local No. 47 v. Commercial Property Service,* 755 F.2d 499 (6th Cir.1985).

■ Defendants contend that both plaintiff's claims relating to the administration of the apprenticeship examination, and the defendants' failure to place plaintiff in the apprenticeship program are inextricably intertwined with the provisions of the collective bargaining agreement under *Allis–Chalmers, supra.* As a preliminary matter, defendants address plaintiff's argument that he would have no standing to bring a § 301 action. In *Lee v. General Motors,* 684 F.Supp. 163 (E.D.Mich.1987), this Court held that plaintiff had no standing to sue under § 301 where she was neither a signatory nor a third-party beneficiary of a collective bargaining agreement. In reaching this decision, it was noted that "[t]here is nothing in the terms and conditions of the agreement ... which denotes any rights or duties of nonsignatories such as plaintiff." *Id.* p. 5, copy attached as Exhibit C to Defendants' Brief. Here, the rights and duties of plaintiff regarding admission to the apprenticeship program are governed by the UAW–GM Agreement, and thus he would have standing to sue under § 301. *See also Hill v. Iron Workers Local Union No. 25,* 520 F.2d 40 (6th Cir.1975) (non-union member applicant for position as a union laborer had standing under § 301, although not a signatory to the collective bargaining agreement).

The next step in the analysis, then, is whether the outcome of plaintiff's claim is substantially dependent upon the interpretation of the collective bargaining agreement, and whether plaintiff's rights are inextricably intertwined with the rights contained in that agreement. *Allis–Chalmers, supra.* Because of the varying nature of the claims arising under § 301, it is evident that the preemption question should be determined on a case-by-case basis.

■ Here, even though plaintiff argues that his claim could stand alone under the MHCRA, this Court finds that it is substantially dependent upon the interpretation of the collective bargaining agreement. Whether plaintiff had come from another bargaining unit or off the street, it is apparent that admission to the apprenticeship program is governed by the apprentice selection procedure. (Exhibit B to Defendants' Response Brief, pp. 10–14). This selection procedure establishes the requirement of taking an aptitude test, as well as all of the other components of selection, including a point system to rank candidates. This selection procedure has been incorporated into the collective bargaining agreement between GM and the UAW. Finally, it contains a pledge

> to continue to extend opportunities for apprentice training to qualified *applicants* on a non-discriminatory basis *and* without regard to an individual's race, color, sex, religion, or national origin. (emphasis added).

*Id.* at 10. Whether this pledge applies to plaintiff's situation is a matter requiring interpretation of the collective bargaining agreement; hence, this case is preempted by § 301 of the LMRA. Accordingly,

IT IS ORDERED that plaintiff's Motion for Remand is DENIED.